## YANCEY *v.* STATE OF GEORGIA *ex rel.* KELLY *et al.*

It was error to refuse to allow a verified amendment to the defendant's answer to a petition to enjoin him from conducting a nuisance in violation of the statute (Ga. L. 1917, p. 177); the allegations of the amendment showing that the nuisance had been absolutely discontinued a few days after the beginning of the proceeding for injunction, and several weeks before the trial, and that all issues in the proceeding had become moot. (Two JJ. dissent.)

No. 4543. SEPTEMBER 22, 1925.

Equitable petition. Before Judge Bale. Floyd superior court. August 23, 1924.

*Maddox, Matthews & Owens* and *Willingham, Wright & Covington,* for plaintiff in error.

*James F. Kelly* and *Porter & Mebane,* contra.

RUSSELL, C. J. The petition was filed to enjoin the defendant, B. C. Yancey, from conducting a house or place for the purpose of lewdness, assignation, or prostitution, in violation of the act of 1917 (Acts 1917, p. 177). The petition alleged that the nuisance was conducted at the Third Avenue Hotel, of which Yancey was alleged to be the lessee and proprietor. By the order of the judge granting a temporary injunction Yancey was dispossessed, and later the Floyd Land & Realty Company came into possession of the house known as the Third Avenue Hotel, and of all the fixtures which had been seized by the sheriff, as the owner of the realty and the personal property. Before entrance into trial Yancey offered an amendment to his answer, which amendment the court refused to allow, in which he pleaded that "on the 3d day of April, 1924, defendant was notified by Floyd Land & Realty Company that on account of his failure to make payments as required by the terms of his lease and option that his lease and option were therefore canceled, and possession of the property was required of the defendant by noon on the 4th day of April, 1924, at which time the defendant on demand of the·said Floyd Land & Realty Company delivered possession of the said hotel, contents, furniture,

and fixtures to the said Floyd Land & Realty Company, and lost not only his interest in the said hotel and the payments he had made thereon, but also lost two other valuable pieces of property having a rental value of three hundred twenty ($320.00) dollars a month, said loss being largely or entirely occasioned by these proceedings brought in this case against the defendant." The defendant also pleaded: "that he now has no claim, right, or equity to the said property or to the recovery thereof, and that he has no understanding or agreement, direct or indirect, or remote, and has no intention whatsoever of engaging in the hotel business or any similar business at the Third Avenue Hotel or at any other place, and has never run any lewd house or house of lewdness, assignation, or prostitution, and has never had or does not now have any intention of running, operating, maintaining, or conducting such a place. Defendant swearing to this answer contends to and does hereby swear off the equities in the bill filed against him, and respectfully shows to the court that there is now left in this case nothing further to try, that there are no prayers in this case for an injunction against this defendant further than the prayers for an order enjoining the further running, keeping, maintaining, and using of said hotel until the further order of the court, and this defendant has no further interest in the proceeding and no relief is or has been prayed against him under the circumstances." The answer of the defendant, if established by proof, would have shown that the nuisance had been absolutely discontinued within a few days after the beginning of the proceeding and several weeks before the trial. The petition was not directed against the defendant to restrain him from conducting any other house of lewdness than the one named in the petition. The personal property subject under the statute to be used to pay the penalty of $300, according to the amendment, was not the property of Yancey but the property of the Floyd Land & Realty Company.

1. According to the allegations of this amendment, all issues in the proceeding had become moot; and it was therefore error to refuse to allow the amendment.

2. The disallowance of the amendment rendered further proceedings in the trial nugatory, and it is unnecessary to deal with the remaining assignments of error presented by the bill of exceptions.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hines, J., dissenting.*

BECK, P. J. I can not concur in the opinion that "according to the allegations of this amendment, all issues in the proceeding had become moot." Conceding that it is ordinarily true that where the defendant shows that there had been a complete discontinuance of a nuisance an injunction would not be necessary to prevent further maintenance of the nuisance, nevertheless, in a case made under the provisions of the act of 1917 in regard to lewd houses, etc. (Acts 1917, p. 177), if it be established that the nuisance there prohibited was being maintained at the time of the filing of the suit, the complainants, upon establishment of the fact, would be entitled to an injunction against the defendant charged with its maintenance, though after the suit was brought he discontinued the operation of the house or place; for this reason: that an injunction granted would operate not only to abate the nuisance upon the premises described in the petition, but would also prevent the defendant from subsequently opening another house or place of a similar character anywhere in the judicial circuit; and if he did open such a house or place and begin to operate it, he could be summarily tried and punished as an offender against the injunction already granted (sections 2 and 4 of the act of 1917, supra). When the facts alleged in the petition in a case like this are established by evidence, the hand of the law is laid upon the offender; and in case he should again violate this law now under consideration, the hand could be closed upon him and he could be brought to speedy punishment. For this reason I think the court properly rejected the amendment and proceeded with the trial.